IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HONOLULU DISPOSAL SERVICE, INC. and ALII REFUSE CORP., <br><br>              Plaintiffs, <br><br>    vs. <br><br> AMERICAN BENEFIT PLAN ADMINISTRATORS, INC.; JOHN DOES 1-10; JANE DOES 1-10; and DOE PARTNERSHIPS, CORPORATIONS or ENTITIES 1-20, <br><br>              Defendants. | CIVIL NO. 05-00012 JMS-KSC <br><br> REPORT OF THE SPECIAL MASTER REGARDING BILL OF COSTS |

<u>REPORT OF THE SPECIAL MASTER REGARDING BILL OF COSTS</u>

On May 19, 2006, Defendants American Benefit Plan Administrators, Inc.; John Does 1-10; Jane Does 1-10; and Doe Partnerships, Corporations or Entities 1-20 ("Defendants") filed Defendants' Bill of Costs ("Bill of Costs"). On May 22, 2006, Defendants filed an Amended Bill of Costs ("Amended Bill of Costs"). Defendants requested that the Court tax costs in the

amount of $6,249.15 against Plaintiffs Honolulu Disposal Service, Inc. and Alii Refuse Corp. ("Plaintiffs").  On May 24, 2006, Plaintiffs filed Objections to American Benefit Plan Administrators, Inc.'s Amended Bill of Costs ("Objections").

Defendants, as the prevailing party in this action, seek costs pursuant to 28 §§ U.S.C. 1920(1)-(4) and Local Rule 54.2(f) of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules").  Specifically, Defendants seek the following costs: (1) $389.40 for clerk and marshal fees pursuant to 28 U.S.C. § 1920(1); (2) $2,970.04 for court reporter fees incurred in obtaining stenographic transcripts necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2); (3) $276.00 for fees and disbursements for printing and witnesses pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3); and (4) fees for the exemplification and copies of papers necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4).  Plaintiffs object

to all costs other than the filing fee for removal. The Court will address each of the requested categories of costs in turn.

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920. See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). Pursuant to 28 U.S.C. § 1920(1), a judge may tax costs for fees of the clerk and marshal. Defendants seek $389.40 in costs pursuant to this section. Plaintiffs object to the cost of the service of the subpoenas to Ross Barcarse and Wayne Chun ($112.40) to the extent that their depositions were taken for the purpose of this case as well as for a parallel lawsuit filed by Hawaii Laborers' Pension Trust Fund ("Hawaii Laborers") against Defendants. The Court, considering the fact that these depositions were noticed in both cases, finds that the cost of serving

3

the subpoenas to Ross Barcarse and Wayne Chun should be reduced by one-half.  Consequently, the Court FINDS and RECOMMENDS that the clerk tax $333.20 in costs for fees of the clerk and marshal.

Pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2), a judge may tax costs for the "stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." L.R. 54.2(f)(2).  Defendants seek $2,970.04 in costs representing the cost of the original plus one copy of the deposition transcripts of Ross Barcarse, Wayne Chun, and Jerald Fujii (totaling $2,825.66); and the original transcript of the proceedings before Judge Seabright on March 6, 2006 ($144.38).  Defendants claim that these transcripts were necessary for the preparation of Defendants' motion for summary judgment and trial preparation.  In addition, although Defendants concede that the depositions were taken both in this case and in the related Hawaii Laborers' case, Defendants submit that the transcripts were only used in this case. See Declaration of Dianne Winter Brookins

at ¶7-8.  Again, Plaintiffs object to these costs because the depositions were noticed and conducted in two cases.  Plaintiffs argue that at minimum, the cost of the depositions should be split between the two cases, since it is likely the transcripts will still be used in the Hawaii Laborers' case.  Plaintiffs also object to the March 15, 2006 entry ($144.38) representing the cost of the transcript of the motion for summary judgment.  Plaintiffs assert that it was not necessary for Defendants to immediately order the transcript before the court ruled on the motion.

      The Court, in considering that the aforementioned depositions were noticed in both this case and the Hawaii Laborers' case, finds that the cost of the deposition transcripts should be split between the two cases.  Even if the transcripts have only been used in this case to date, it is likely that they will also be used in the Hawaii Laborers' case.  Regarding the cost of the transcript of proceedings before Judge Seabright ($144.38), the Court finds that the

transcript was ordered prematurely and was not necessarily obtained for the use in the case and therefore it will not be allowed. Consequently, the Court FINDS and RECOMMENDS that costs be taxed in the amount of $1,412.83 for the cost of court reporter and transcript fees.

Pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3), a judge may tax costs for "per diem, subsistence, and mileage payments for witnesses...to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." L.R. 54.2(f)(3). Plaintiffs object to the witness fees of Ross Barcarse and Wayne Chun ($108.00) for the same reason they objected to the costs of serving the subpoena and the court reporter and transcript fees for these individuals (i.e. their depositions were conducted for the purpose of the Hawaii Laborers' case as well as this case). For the aforementioned reasons, the Court FINDS and RECOMMENDS that costs for the witness fees for Ross Barcarse and Wayne Chun ($108.00) also be reduced by one-half.

Accordingly, the Court FINDS and RECOMMENDS that Defendants be awarded a total of $222.00 for printing and witness fees.

Pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), a judge may tax "[t]he cost of copies necessarily obtained for use in the case...provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied...[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable." L.R. 54.2(f)(4).  The district court has discretion to determine what photocopying costs are "necessarily obtained for use in the case."  The documents need not be introduced into the record to be necessarily obtained for use in the case.  Yasui, 78 F. Supp. 2d at 1128 (citing Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F. 2d 587, 588 (9th Cir. 1990).  However, the Ninth Circuit has declined to

award copying costs incurred after the district court granted summary judgment.  See <u>Disc Golf Ass'n, Inc. v. Champion Discs, Inc.</u>, 158 F.3d 1002, 1010 (9th Cir. 1998).

Defendants seek a total of $2,613.71 for the cost of copies necessarily obtained for use in this case.  In her declaration, Dianne Winter Brookins states that the copying costs were comprised of the following: (1) copies of the documents produced by Plaintiffs and various third-party witnesses in response to Defendants' discovery requests; (2) copies of documents from the law firm of Evangelista & Quiban including relevant collective bargaining agreements, trust documents, pleadings, depositions, and other documents produced in the related Pace litigation from Defendants' former counsel, Alfredo Evangelista to be used in support of the motion for summary judgment; (3) copies of the relevant contracts between Defendants and the Trust Funds used in the depositions of witnesses and in the briefing on the motion for summary judgment

where the original contracts were required to be maintained by the client; and (4) in-house photocopies of relevant pleadings that were necessary for counsel's effective performance in and prosecution of this case. See Declaration of Dianne Winter Brookins at ¶¶11-15.

First, Plaintiffs object to the cost of copying 5,708 pages of Defendants' documents ($951.33) produced to Plaintiffs because Plaintiffs already paid for these copies. Plaintiffs argue that this charge can only be for copies made for the convenience of Defendants' counsel as Defendants did not need another copy of its own client's records. Second, Plaintiffs object to the cost for the copies of filed pleadings made from Defendants' in-house copier ($156.80). Defendants' description in its January 7, 2005 entry is vague and nondescript and suggests that the copies were solely for the convenience of Defendants. Next, Plaintiffs object to copying costs related to the Pace case since Defendants were a party in that case and should have already had copies of the listed documents in their

possession.  In particular, Plaintiffs object to the cost of $20.62 representing the cost of the copies made of the pleadings from the Pace case; the September 8, 2005 entry ($10.21), the October 18, 2005 entry ($12.92), and the January 23, 2006 entry ($15.52) representing the cost of copies of depositions taken in the Pace case; and December 6, 2005 entry ($27.00) representing the cost of certified copies of pleadings in the Pace case.

     First, the Court finds that the cost of copying pages of Defendants' documents produced to Plaintiffs ($951.33) was for the convenience of counsel and thus FINDS and RECOMMENDS that these costs not be allowed. Next, the Court finds that Defendants have failed to provide sufficient detail to support its request for in-house copying costs ($156.00).  Defendants' vague reference to "relevant pleadings" does not meet the requirements of Local Rule 54.2(f)(4) and therefore the Court FINDS and RECOMMENDS that these costs not be allowed.  With respect to copies of documents related

to the Pace case, the Court notes that Defendants' counsel represented to Plaintiffs' counsel that Mr. Evangelista was unwilling to turn over the Pace files. See Paul A. Schraff's Declaration of Counsel at ¶ 4. Thus, the Court finds that the copying costs incurred with respect to documents from the Pace case were necessarily obtained for the use in the case and FINDS and RECOMMENDS that they be allowed. However, the Court FINDS and RECOMMENDS that the December 6, 2005 entry ($27.00), representing the copying cost of certified copies of pleadings in the Pace case not be allowed since Defendants have failed to explain or justify why certified copies were necessary. Consequently, the Court FINDS and RECOMMENDS that Defendants be awarded a total of $1,478.58 in copying costs.

   Accordingly, the Court FINDS and RECOMMENDS that Defendants be awarded the following costs: (1) $333.20 for clerk and marshal fees pursuant to 28 U.S.C. § 1920(1); (2) $1,412.83 for court reporter fees

incurred in obtaining stenographic transcripts necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2); (3) $222.00 for fees and disbursements for printing and witnesses pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3); and (4) $1,478.58 for fees for the exemplification and copies of papers necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), for a total award of $3,446.61.  The Court hereby FINDS and RECOMMENDS that the Clerk be directed to tax costs in the amount of $3,446.61.

      IT IS SO ORDERED.

      Dated:  Honolulu, Hawaii, July 31, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO.97-00933 SOM-KSC; CHEVRON U.S.A., INC. vs. LINDA LINGLE, et. al.; REPORT OF THE SPECIAL MASTER REGARDING BILL OF COSTS