IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HONOLULU DISPOSAL SERVICE, INC. and ALII REFUSE CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN BENEFIT PLAN ADMINISTRATORS, INC.; JOHN DOES 1-10; JANE DOES 1-10; and DOE PARTNERSHIPS, CORPORATIONS, or ENTITIES 1-20, <br><br> Defendants. | CIVIL NO. 05-00012 JMS/KSC <br><br><br> ORDER AFFIRMING IN PART AND REVERSING IN PART REPORT OF THE SPECIAL MASTER REGARDING BILL OF COSTS |

ORDER AFFIRMING IN PART AND REVERSING IN PART REPORT
OF THE SPECIAL MASTER REGARDING BILL OF COSTS

I. INTRODUCTION

Plaintiff Honolulu Disposal Service, Inc. ("HDS") brought suit to recover damages from Defendant American Benefit Plan Administrators, Inc. ("ABPA"). On April 20, 2006, this court granted summary judgment in favor of ABPA. On May 22, 2006, ABPA filed an amended bill of costs pursuant to 28 U.S.C. § 1920, along with a memorandum in support of the bill of costs, a declaration of attorney Diane Winter Brookins ("Brookins Declaration"), and

several exhibits.  HDS filed a memorandum in opposition to the amended bill of costs on May 24, 2006, along with a declaration of attorney Paul A. Schraff and one exhibit.  On August 4, 2006, Magistrate Judge Kevin S.C. Chang entered his findings in a Report of the Special Master Regarding Bill of Costs ("Special Master's Report").  On August 21, 2006, ABPA filed objections to the Special Master's Report with a Supplemental Declaration of Diane Winter Brookins ("Supplemental Brookins Declaration").  On the same date, HDS also filed objections to the Special Master's Report.  The court affirms in part and reverses in part the Special Master's Report.

## II.  STANDARD OF REVIEW

In acting on a special master's report, the district court must afford an opportunity to be heard and may receive evidence.  Fed.R.Civ.P. 53(g)(1).  The district court may "adopt or affirm; modify; wholly or partly reject or reverse, or resubmit to the master with instructions."  *Id.*

With an irrelevant exception, the district court must decide *de novo* all objections to findings of fact and/or conclusions of law made or recommended by the special master.  Fed.R.Civ.P. 53(g)(3) and (4) (amended in 2003 to change the standard of review for findings of fact made or recommended by a master); *see also Summers v. Howard University*, 374 F.3d 1188, 1195 n. 6 (D.C.Cir.2004)

(noting that Fed.R.Civ.P. 53 was amended in 2003 to provide for *de novo* review of a special master's fact findings by the district court).

### III.  ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs; . . ." .  This rule creates a presumption in favor of awarding costs to the prevailing party, while at the same time vesting the district court with discretion to refuse to award costs.  *Ass'n of Mexican-American Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).  When a district court declines to award costs, it must "specify reasons" for its refusal to do so.  *Id., quoting Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978).

Under 28 U.S.C. § 1920 , taxable costs include the following:

(1)  Fees of the clerk and marshal;

(2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)  Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Local Rule 54.2(f) permits the taxation of costs in conformity with 28 U.S.C. §§ 1821, 1920-1925, with the following relevant clarifications:

1. Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred.

2. The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery. The expenses of counsel for attending depositions are not allowable.

\* \* \* \* \*

4. The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

A. <u>HDS' Objections</u>

1. **All Costs**

HDS claims that *all* of the costs incurred by ABPA were unnecessary and thus should be disallowed. Specifically, HDS argues that the parties agreed that the threshold issue in case -- whether ABPA owed a duty to HDS -- was purely legal. Thus, according to HDS, any costs attributed to fact finding, such as the taking of depositions, was unnecessary. HDS further argues that because the court did not rely on either deposition transcripts attached to ABPA's motion for summary judgment or documents obtained during discovery in ruling on that motion, these costs should be disallowed.

HDS has failed to rebut the presumption in favor of awarding costs to the prevailing party. HDS brought suit, alleging that ABPA breached a duty. Given the allegations in the complaint, ABPA was certainly entitled to conduct limited discovery and to copy documents believed to be relevant at the time. *See Mitchell v. City of Moore,* 218 F.3d 1190, 1204 (10th Cir. 2000) (whether an incurred cost was reasonably necessary under § 1920 is reviewed based on the facts known to the parties at the time the expense was incurred).

2. **Documents provided by Evangelista & Quiban**

The Special Master's Report, pursuant to 28 U.S.C. § 1920(4), permitted costs for copying charges by Professional Image in the total amount of $1,127.05 for documents concerning the related *Pace* litigation. It appears that these documents were in the possession of ABPA's former law firm of Evangelista & Quiban, and were provided to ABPA's new counsel for copying only. HDS objects to these costs, arguing that ABPA's present lawyers should have obtained the documents from the former lawyers, such that making a second set of documents was for the mere convenience of counsel, and thus not permitted under LR 54.2(f)(4).

HDS' counsel Paul A. Schraff, in a May 24, 2006 declaration, represented that ABPA's counsel advised him that Evangelista & Quiban was unwilling to turn over the *Pace* files. Clearly, new counsel for ABPA needed the documents to defend the claims brought by HDS in the instant suit. The court finds, after a *de novo* review, that the Special Master's Report correctly recommended the award of full costs for copying documents relating to the *Pace* litigation in Evangelista & Quiban's possession. The award of $1,127.05 for the copying of these documents is affirmed.

B. ABPA's Objections

1. **Splitting of costs between two cases**

ABPA seeks the following costs: a) $112.40 for the service of deposition subpoenas to Ross Barcarse and Wayne Chun pursuant to 28 U.S.C. § 1920(1) ; b) $2,825.66 for the deposition transcripts of Ross Barcarse, Wayne Chun, and Jerald Fujii pursuant to 28 U.S.C. § 1920(2); and c) $108 for witness fees paid to Ross Barcarse and Wayne Chun pursuant to 28 U.S.C. § 1920(3). All of these costs relate to depositions noticed and taken in two separate actions pending in this court -- the instant case and *Hawaii Laborers' Pension Trust Fund v. American Benefit Plan Administrators, Inc.,* Cv. No. 05-00365 DAE/LEK. The Special Master's Report recommended that these costs be reduced by one-half to reflect their utility to the two separate actions. ABPA objects to this 50% reduction, arguing that the Brookins Declaration demonstrates that the depositions were only used in the instant case, and that the *Hawaii Laborers' Pension Trust Fund* matter settled on March 6, 2006.[1]

ABPA's attempt to judge the relevance of the depositions with perfect hindsight is misplaced. That the depositions were only *used* in the instant case is

---

[1]The docket sheet reflects that during a March 6, 2006 conference, the case settled. The stipulation for dismissal was not filed until August 14, 2006.

not controlling.  All three depositions were taken prior to the summary judgment hearing in the instant case and prior to settlement in *Hawaii Laborers' Pension Trust Fund,*[2] and were clearly relevant to both cases at the time they were taken.  LR 54.2(f)(2) provides that the cost of a deposition transcript is taxable even if it is not used at trial, "so long as, *at the time it was taken*, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."  (Emphasis added).  The Local Rules, consistent with the Tenth Circuit's analysis in *Mitchell v. City of Moore, supra,* require the court to base its review on the facts known to the parties at the time the expense was incurred.  Applying a *de novo* standard of review, the court affirms reducing by one-half the following costs:  1) $112.40 for the service of deposition subpoenas to Ross Barcarse and Wayne Chun; 2) $2,825.66 for the deposition transcripts of Ross Barcarse, Wayne Chun, and Jerald Fujii; and 3) $108 for witness fees paid to Ross Barcarse and Wayne Chun.

      2.  **Summary Judgment Hearing Transcript**

ABPA ordered a copy of the transcript from the March 6, 2006 summary judgment hearing.  The Special Master found that ABPA ordered the

---

[2]Exhibit B to the Brookins Declaration demonstrates that the depositions were taken on September 27, 2005, October 14, 2005, and November 21, 2005.

transcript prematurely, and recommended denial of the $144.38 cost of the transcript. ABPA now objects, arguing that after the summary judgment hearing ABPA's counsel believed it would prevail, that HDS would then challenge the court's order, and thus it ordered the transcript "so that it could be prepared for Plaintiffs' expected challenge."

The copy of a transcript is a taxable cost, but only if it was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). ABPA has not demonstrated that the transcript was *necessarily* obtained for use; instead, it was obtained based on assumption. The court agrees with the Special Master, after a *de novo* review, that the transcript was ordered prematurely and thus was not necessary. This cost is not allowed.

### 3. **Copying costs**

The Special Master's Report recommended the disallowance of $951.33 incurred to make copies of contracts between ABPA and the Trust Funds and $156.80 incurred for in-house copying of pleadings. ABPA objects, arguing that these costs have been justified and are taxable. The court agrees and allows these costs.

LR 54.2(f)(4) permits recovery for "the cost of copies necessarily obtained for use in the case," and requires the party seeking recovery to submit an

affidavit describing the documents, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  The rule further clarifies that the cost of copies obtained for the use and/or convenience of counsel is not allowable.  The Special Master found that the copies were for the convenience of counsel, and thus not allowed.

The Supplemental Brookins Declaration at paragraph 4 states that the copied contracts were used as a "production set, which could be bates numbered for use in this litigation.  Copies of some of the contracts were marked by ABPA as deposition exhibits in this case."  Exhibit D to the Amended Bill of Costs sets forth an invoice showing 5,708 copies were made at a cost of $913.28 (for a cost of $.16 per page).  The court finds ABPA met the foundational requirements under LR 54.2(f)(4), and that these contracts were not copied merely for the convenience of counsel.  Making copies for use in litigation, especially given ABPA's use of the documents as deposition exhibits, supports the taxation of costs.  The court allows the taxation of $913.28 for copying costs as sought by ABPA.

The Special Master also found that ABPA failed to provide sufficient detail under LR 54.2(f)(4) to allow in-house copying costs of $156.80.  ABPA objects, citing Exhibit E to the Brookins Declaration.

The Brookins Declaration at paragraph 15 states that the 1,568 pages of copies of relevant pleadings "only includes those photocopies that were necessary for counsel's effective performance in and prosecution of this case." Exhibit E to this declaration sets forth, in detail, the nature of every photocopy, including a date, description, number of pages, and cost (at $.10 per page).  The court agrees with ABPA that the detailed information provided complies with LR 54.2(f)(4) and supports an award of costs of $156.80.

4. **Costs of certified pleadings**

The Special Master found that $27, the cost of obtaining certified copies of pleadings in the *Pace* litigation, should not be allowed.  These documents were attached to ABPA's motion for summary judgment.  The court finds that these copies were made in relation to ABPA's motion for summary judgment, that ABPA has complied with LR 54.2(f)(4), and that the certified copies were made for the convenience of the court, not the ABPA.  As such, the record supports the award of $27.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, the court AFFIRMS in part and REVERSES in part the Special Master Report.

The court orders the costs recommended by the Special Master. The court further orders the payment of the following costs: 1) $951.33 incurred to make copies of contracts between ABPA and the Trust Funds; 2) $156.80 incurred for in-house copying of pleadings; and 3) $27 incurred to obtain certified copies of pleadings in the *Pace* litigation.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 12, 2006.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Honolulu Disposal Service, Inc. v. American Benefit Plan Administrators, Inc.,* Civ. No. 05-00012 JMS/KSC, Order Affirming in Part and Reversing in Part Report of the Special Master Regarding Bill of Costs

12